# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**J.A. FISCHER, K.M. MCDONALD, S.A. DOMINGUEZ**
**Appellate Military Judges**

**UNITED STATES OF AMERICA**

**v.**

**DIANTE R. HODGE**
**OPERATIONS SPECIALIST FIRST CLASS (E-6), U.S. NAVY**

**NMCCA 201400306**
**SPECIAL COURT-MARTIAL**

**Sentence Adjudged:** 16 April 2014.
**Military Judge:** CDR John A. Maksym, JAGC, USN.
**Convening Authority:** Commanding Officer, Center for Surface Combat Systems, Dahlgren, VA.
**Staff Judge Advocate's Recommendation:** LT P.E. Breuder, JAGC, USN.
**For Appellant:** LCDR Dillon Ambrose, JAGC, USN.
**For Appellee:** LCDR Keith Lofland, JAGC, USN.

**22 January 2015**

---------------------------------------------------------
**OPINION OF THE COURT**
---------------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge sitting as a special court-martial convicted the appellant, pursuant to his pleas, of one specification of assault consummated by a battery upon a child under 16 years of age, and one specification of child endangerment through culpable neglect, in violation of Articles 128 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 928 and 934. The appellant was sentenced to

confinement for 12 months, reduction to pay grade E-1, and a bad-conduct discharge. The convening authority approved the sentence as adjudged and, except for the bad-conduct discharge, ordered it executed.

The appellant's sole assignment of error is that a bad-conduct discharge is inappropriately severe given his personal character, military record, and tremendous remorse for his offenses.[1] We disagree. After careful consideration of the record of trial and the parties' pleadings, we conclude that the findings and sentence are correct in law and fact and that no error was committed that was materially prejudicial to the substantial rights of the appellant. Arts. 59(a) and 66(c), UCMJ.

## Background

On 6 September 2013, the appellant left his fourteen-Year-old stepdaughter (TA) to care for her sibling, his four-year-old daughter, while he went out for the evening. When the appellant returned home he discovered TA and a female friend, DK, in TA's room in a sexually compromising circumstance. The appellant lost his temper and, in the presence of DK, he struck TA with a metal studded belt approximately 10 times, hitting her on her arms, shoulders, and back. The appellant used such force that it caused some of the metal studs on the belt to dislodge and the strikes also caused several visible marks on TA's body.

After DK left the house, the appellant demanded an explanation from TA as to what had occurred between the two of them. TA eventually explained the details of several sexual acts that DK performed on her. The appellant then demanded that TA, while naked, show him what DK did to her. The appellant told TA to come closer to him and asked if he could "get some." The appellant later climbed onto the bed with TA and said if DK "got some" then he should be able to "get some." When TA said no and turned away, the appellant repeatedly tried to spread her legs apart with his hands while she was lying naked in her bed.

The appellant acknowledged that his actions adversely affected the mental health of his fourteen-year-old

---

[1] This assignment of error was raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

stepdaughter. This entire episode occurred while the appellant's wife, a fellow Sailor, was underway.

## Sentence Appropriateness

The appellant avers that a bad-conduct discharge is inappropriately severe under the circumstances of this case. The appellant contends that the quality and character of his military service, his love for his family, and genuine remorse militate against a bad-conduct discharge. We disagree.

Under Article 66(c), UCMJ, we independently review sentences within our purview and only approve that part of a sentence which we find should be approved. "Sentence appropriateness involves the judicial function of assuring that justice is done and that the accused gets the punishment he deserves." *United States v. Healy,* 26 M.J. 394, 395 (C.M.A. 1988). This requires "'individualized consideration' of the particular accused 'on the basis of the nature and seriousness of the offense and character of the offender.'" *United States v. Snelling,* 14 M.J. 267, 268 (C.M.A. 1982) (quoting *United States v. Mamaluy,* 27 C.M.R. 176, 180-81 (C.M.A. 1959)).

Upon review of the entire record in this case, including the appellant's military character, we find that a bad-conduct discharger in addition to the punishment otherwise imposed, was appropriate for this offender and his misconduct. Given this finding, any consideration of appellant's requested relief would amount to an act of clemency which is left to the "command prerogative" of the convening authority. *Healy,* 26 M.J. at 396.

## Conclusion

The findings and sentence as approved by the convening authority are affirmed.

For the Court

R.H. TROIDL
Clerk of Court

3